**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE | : | |
| | : | |
| **Nicole Guglielmetti** | : | Chapter 7 |
| Debtor | : | Bk. No. 19-10127 |

### TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

Now comes Lisa A. Geremia, the duly appointed Chapter 7 Trustee in the above referenced matter, and hereby files an OBJECTION to the Debtor's claimed exemptions as follows:

1. On January 29, 2019, Nicole Guglielmetti (the "Debtor") filed a Chapter 7 bankruptcy petition, and Lisa A. Geremia is the duly appointed Chapter 7 Trustee (the "Trustee").

2. On Schedule B, the Debtor lists two (2) third party claims as follows:

| Third Party Claim | Value |
|---|---|
| Medical Malpractice - defribillator malfunction ("Asset 1") | Unknown |
| Personal Injury (arm) third party ("Asset 2") | Unknown |

3. On Schedule C, the Debtor claims an exemption in Asset 1 pursuant to 11 U.S.C. § 522(d)(11)(D) and U.S.C. § 522(d)(11)(E) with no monetary values and instead claims "100% of fair market value, up to any applicable statutory limit" - otherwise known as an "in kind" exemption. See *Schwab v Reilly, 130 U.S. 2652 (2010).*

4. Per pre-petition counsel for the Debtor states that Claim 1 is in the "investigative stages" of the claim. It is too premature to determine whether or not there is any personal bodily injury or loss of future earnings as contemplated by the statutes.

5. On Schedule C, the Debtor claims an exemption in Asset 2 pursuant 11 U.S.C. § 522(d)(11)(D) and U.S.C. § 522(d)(11)(E) with no monetary values and instead claims "100% of fair market value, up to any applicable statutory limit"- otherwise know as an

In Re: Nicole Guglielmetti;
Chapter 7; Bk. No. 19-10127

"in kind" exemption. See *Schwab v Reilly, 130 U.S. 2652 (2010)*.

6. At the meeting of creditors, the Debtor testified that the injury occurred on September 28, 2018 and that she has not consulted with an attorney yet. It is too premature to determine whether or not there is a claim which resulted in personal bodily injury or loss of future earnings as contemplated by the statutes.

7. The U.S. Supreme Court held that the Trustee must file a timely objection to a claim of exemption within the 30-day period allowed by FRBP 4003(b). See *Taylor v Freeland & Krantz, 503 U.S. 638 (1992)*.

8. The Trustee objects to the claimed exemptions in Asset 1 and Asset 2 until such time as the Debtor has sufficient knowledge and information as to 1) whether or not a claim exists; and/or 2) the characterization of the proceeds from any settlement or court order upon resolution of either claim.

9. Pursuant to FBRP 1009, the Debtor may amend her exemptions at any time before the case is closed.

**WHEREFORE**, for the above mentioned reasons, your Trustee hereby files an Objection to the Debtor's claim of exemptions in Asset 1 and Asset 2 and requests that this Court enter an Order sustaining said Objection.

Dated: March 21, 2019

*/s/ Lisa A. Geremia*
Lisa A. Geremia, Trustee[#5541]
GEREMIA & DEMARCO, Ltd.
Village on Vine
620 Main Street, CU 3A
 East Greenwich, RI 02818
(401) 885-1444 Telephone
(401) 471-6283 Facsimile
Lisa@geremiademarco.com

**In Re: Nicole Guglielmetti;**
**Chapter 7; Bk. No. 19-10127**

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## **CERTIFICATION**

I hereby certify that on March 21, 2019, I electronically filed the within Trustee's Objection to Debtor's Claimed Exemptions with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: The Office of the U.S. Trustee, Tatyana P. Tabachnik, Esquire and Russell D. Raskin, Esquire; ; and I hereby certify that I have mailed by United States Postal Service, via first class mail, the document and a copy of the Notice of Electronic Filing to Ms. Nicole Guglielmetti, 114 Wakefield Street, West Warwick, RI 02893.

*/s/ Lisa A. Geremia*