UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

| | | |
|---|---|---|
| Nicole Guglielmetti | : | Bk. No. 19-10127 |
| Debtor | : | Chapter 7 |

## APPLICATION TO EMPLOY AND RETAIN
## MARK H. GRIMM, ESQUIRE AND MARASCO & NESSELBUSH, LLP
## AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

Lisa A. Geremia, the Chapter 7 Trustee in the above captioned case, files this Application to Employ and Retain Mark H. Grimm, Esquire and Marasco & Nesselbush, LLP as Special Counsel to the Chapter 7 Trustee (the "Application"), pursuant to 11 U.S.C. § 327(e), Bankruptcy Rule 2014, and Local Rule 2014-1, seeking entry of an Order authorizing the retention of Mark H. Grimm, Esquire and Marasco & Nesselbush, LLP as Special Counsel.

In support of this Application, the Chapter 7 Trustee states the following:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (D) and (O).

2. On January 29, 2019, Nicole Guglielmetti (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, and Lisa A. Geremia was appointed the Chapter 7 Trustee (the "Trustee").

3. Venue of the Debtor's Chapter 7 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

5. Through the commencement of this case, the Debtor has invoked the protection of the Bankruptcy Code to preserve her assets.

In Re: Nicole Guglielmetti
Chapter 7; Bk. No. 19-10127

## Relief Requested

6. By this Application, the Trustee seeks authorization to employ Mark H. Grimm, Esquire and Marasco & Nesselbush, LLP as Special Counsel ("Special Counsel") to the Trustee.

7. The Trustee requires the services of Special Counsel in this case as the Debtor listed a pending medical malpractice claim on her petition as a result of a defibrillator malfunction.

8. Special Counsel has extensive experience and knowledge of the pending claim on behalf of the Debtor.

9. Pursuant to 11 U.S.C. §327(d), the Trustee believes it is in the best interest of the estate to retain Special Counsel because it will allow the Chapter 7 Trustee to fully apply her bankruptcy experience for the benefit of the estate, to maximize the coordination of the Trustee's attorneys and staff, and to avoid duplication of efforts.

10. To the best of the Trustee's knowledge, any compensation to be paid for the services rendered in this case shall be the sole property of Special Counsel and will not be shared with any person or entity.

11. Special Counsel's fee is forty percent (40%) of the gross amount recovered. Please see the Fee Agreement attached hereto as <u>Exhibit A.</u>

12. Special Counsel understands that any compensation and expenses paid to him must be approved by this Court upon application consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and Orders of this Court.

13. To the best of the Trustee's knowledge, neither Special Counsel nor any employee of Marasco & Nesselbush LLP holds or represents any interest adverse to the bankruptcy estate.

14. To the best of the Trustee's knowledge, Special Counsel nor any employee of Marasco & Nesselbush LLP have any connection with the Debtor, creditors, other parties in interest,

respective attorneys and accountants, the United States Trustee, or any persons employed in the Office of the United States Trustee, except that Special Counsel represented the Debtor in the pending medical malpractice claim prior to the bankruptcy filing.

15. To the best of the Trustee's knowledge, except as is set forth in the above paragraphs, Special Counsel and each employee of Marasco & Nesselbush LLP is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Please see the Affidavit of Mark H. Grimm, Esquire attached hereto as Exhibit B.

16. Special Counsel agrees to follow the obligations included on Exhibit 1 to this Application, which are made a part hereof by reference. Satisfaction of each and every enumerated provision is an express condition of this Application, and failure to perform any of the enumerated obligations may result in the denial of fees to Special Counsel. Notwithstanding the above or any provision contained herein, any and all fees sought by Special Counsel remain subject to Court approval.

**WHEREFORE**, Lisa A. Geremia, Chapter 7 Trustee, respectfully requests that this Court enter an order authorizing the retention and employment of Mark H. Grimm, Esquire and Marasco & Nesselbush LLP as Special Counsel as requested herein to represent the Trustee in the pending medical malpractice claim and for such other and further relief as the Court deems just and equitable.

Dated: May 13, 2019

/s/ Lisa A. Geremia
Lisa A. Geremia, Trustee [#5541]
GEREMIA & DE MARCO, Ltd.
Village on Vine
620 Main Street, CU 3A
East Greenwich, Rhode Island 02818
(401) 885-1444 Telephone
(401) 471-6283 Facsimile
Lisa@geremiademarco.com

**In Re: Nicole Guglielmetti**
**Chapter 7; Bk. No. 19-10127**

## NOTICE

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I electronically filed the Application to Employ and Retain Special Counsel to the Chapter 7 Trustee with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/EMF System. The following participants have received notice electronically: The Office of the U.S. Trustee, Russell D. Raskin, Esquire and Tatyana P. Tabachnik, Esquire; and I hereby certify that I have mailed by United States Postal Service, first class mail, the document and a copy of the Notice of Electronic Filing to Mark H. Grimm, Esquire, Marasco & Nesselbush LLP, 685 Westminster Street, Providence, RI 02903.

*/s/ Lisa A. Geremia*